IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEACON MARITIME, INC., *et al.*,    )<br>    Plaintiffs,    )<br>    )<br>v.    )<br>    )<br>HEAVY LIFT VB-10,000, *her engines,* )<br>*tackle, and apparel*, *in rem*, *et al.*,    )<br>    Defendants.    ) | CIVIL ACTION NO. 1:19-00336-N |

## **ORDER**

This action is before the Court on the Plaintiffs' motion under Rule C(3)(a)(i) of the federal Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter cited as the "Supplemental Rules") for an ordering directing the Clerk of Court to issue a warrant for the arrest of the *in rem* Defendant Heavy Lift VB-10,000, including her engines, tackle, and apparel.   (Doc. 2).   Upon review of the Plaintiffs' verified complaint (Doc. 1), the undersigned finds that the conditions for an *in rem* action against the subject vessel appear to exist. [1]

---

[1] The undersigned finds that the complaint alleges sufficient facts showing that a maritime action *in rem* may be brought because it is a suit for damages involving the collision of floating vessels occurring on navigable waters.   *See* Supplemental Rule C(1)(b); Supplemental Rule C advisory committee's note to 1966 adoption (noting that "suits for collision damages" are cases "in which the plaintiff may proceed in rem and/or in personam"); *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996) ("Because this case involves a watercraft collision on navigable waters, it falls within admiralty's domain.").   The complaint also satisfies Supplemental Rule C(2) because it has (a) been verified by counsel of record for the Plaintiffs, *see* S.D. Ala. CivLR 104(c); (b) describes with reasonable particularity the property that is the subject of the action; and (c) alleges that the property is within this judicial district, or will be while the action is pending.   Finally, the complaint also satisfies Supplemental Rule E(2)(a) and S.D. Ala. CivLR 104(a) ("The demand for judgment in every complaint filed under Rule B or Rule C shall allege the dollar amount of the debt or damages for which the action was commenced. The demand for judgment

Accordingly, the Plaintiffs' Supplemental Rule C(3)(a)(i) motion (Doc. 2) is **GRANTED**, and the Clerk of Court is **DIRECTED** to issue, as soon as possible, a warrant for the arrest of the Defendant Heavy Lift VB-10,000, including her engines, tackle, and apparel, which is currently located at Epic Alabama Shipyard in Mobile, Alabama.[2]  Once issued, the warrant shall be delivered to the United States Marshal for service, *see* Supplemental Rule C(3)(b), which shall be carried out in accordance with Supplemental Rule E(4).[3]

**DONE** and **ORDERED** this the 9th day of July 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

shall also allege the nature of other items of damage."). *See* Supplemental Rule C(3) advisory committee's note to 1985 amendment ("The rule envisions that the order will issue upon a prima facie showing that the plaintiff has an action in rem against the defendant in the amount sued for and that the property is within the district. A simple order with conclusory findings is contemplated. The reference to review by the 'court' is broad enough to embrace a magistrate as well as a district judge.").

[2] The Plaintiffs have attached a proposed warrant of arrest (Doc. 2-2) to their motion. In the event this proposed warrant does not meet the needs of the Clerk of Court, the Clerk and counsel for the Plaintiffs are **DIRECTED** to confer telephonically to discuss the Plaintiffs filing an amended proposed warrant that meets the Clerk's needs.

[3] The Plaintiffs should communicate directly with the Marshal regarding any additional instructions for arrest of the Vessel. *See* S.D. Ala. CivLR 104(e) ("The party who requests a warrant of arrest or process of attachment or garnishment shall provide instructions to the Marshal.").