UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEACON MARITIME, INC., AND BETTER GOLD ENTERPRISES, LLC | § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | CIVIL ACTION NO. 4:19-cv-03811 |
| HEAVY LIFT VB-10,000, *in rem,* her engines, tackles and apparel, et al., VERSABAR, INC., VERSAMARINE, LLC, AND VERSABUILD, LLC | § § § § § § | ADMIRALTY RULE 9(H) |
| Defendants | § | |

## **DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Heavy Lift VB-10,000, *in rem*, through her owner Versamarine, LLC, and Versabar, Inc., Versamarine, LLC, and Versabuild, LLC, *in personam*, file this original answer to plaintiffs Beacon Gold Maritime, Inc.'s and Better Gold Enterprises, LLC's original complaint, and respectfully show:

### **12(b) Defenses**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants aver that plaintiff Beacon Maritime, Inc. is not a proper party in interest to the extent it may have no proprietary interest in the subject rig, and both plaintiffs have failed to state a claim against defendants upon which relief can be granted.

### **Original Answer**

1. Paragraph 1 of plaintiffs' original complaint serves as an introduction and does not require an answer from defendants.

2. Defendants admit the allegations in paragraph 2, except defendants deny jurisdiction is proper under 9 U.S.C.A. § 8.

3. Defendants do not have sufficient information to admit or deny the allegations raised in plaintiffs' paragraph 3; therefore, the allegations are denied.

4. Defendants do not have sufficient information to admit or deny the allegations raised in plaintiffs' paragraph 4; therefore, the allegations are denied.

5. Defendants do not have sufficient information to admit or deny the allegations raised in plaintiffs' paragraph 5; therefore, the allegations are denied.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7, except that Versamarine is a limited liability company, not a corporation.

8. Defendants admit the allegations in paragraph 8, except that Versabuild is a limited liability company, not a corporation.

9. Defendants admit the portion of paragraph 9 that they "own, lease or otherwise have control over a facility on the Sabine River in Texas at which a vessel known as the HEAVY LIFT VB-10,000, which Defendants own, operate and/or control." Defendants do not have sufficient information to admit or deny the rest of the allegations in paragraph 9; therefore, those allegations are denied.

10. Defendants admit the allegations in paragraph 10, except it is not entirely accurate to state the VB-10,000 was secured to a bulkhead to ride out the storm.

11. Defendants admit the portion of paragraph 11 alleging that the VB-10,000 broke free of its moorings, traveled southward down the Sabine River, and allided with the POC. Defendants deny all other allegations in paragraph 11.

12. Defendants admit that at the time plaintiffs' complaint was filed, the VB-10,000 was within the jurisdiction of the United States District Court for the Southern District of Alabama, Southern Division, as alleged in paragraph 12. The rest of the allegations in paragraph 12 state a legal conclusion and do not require an answer from defendants.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Paragraph 15 includes plaintiffs' conclusion and prayer and does not require an answer from defendants. To the extent an answer is required, defendants deny any allegations.

## **Defenses**

16. Defendants would show that Plaintiffs were not injured and damaged as alleged and have not suffered the alleged damages claimed in their complaint.

17. Defendants would show that no actions or inactions by, or fault of, Defendants proximately caused Plaintiffs' damages or injuries, if any.

18. Plaintiffs' injuries and damages, if any, were proximately and/or legally caused, in whole or part, by the sole, joint, comparative, or concurrent negligence, fault, breach of duty and/or violation of laws, rules or regulations of plaintiffs and/or of third parties and/or by instrumentalities not under the control of defendants and for which defendants are not legally responsible.

19. Plaintiffs' injuries and damages, if any, were caused by an act of God and/or *vis major* and/or inevitable or unavoidable accident.

20. Plaintiffs failed to mitigate, minimize or abate their damages, if any.

21. Plaintiffs' claims are barred or limited because Plaintiff is not entitled to recover the value of any betterment that any repair would provide to it. Also, to the extent the PROFESSOR OCEAN CHIEF ("POC") was damaged, it was a constructive total loss and any damages are limited to its fair market value at the time of the incident.

22. Plaintiffs' damages, if any, were caused by or were the result of an independent, intervening, and/or superseding cause over which defendants had no control and which was not reasonably foreseeable, and/or not by any negligence or fault on the part of defendants.

23. Plaintiffs' damages, if any, were the result in whole or in part of preexisting and/or subsequently occurring conditions, for which Defendants are not legally responsible.

24. Defendants complied at all material times with applicable laws, rules, regulations and industry standards, and were not negligent or not at fault for the breakaway, and are entitled to complete exoneration from liability to plaintiffs.

25. On information and belief, the allision may have been the result of the POC being moored in a place it either should not have been or in a place making it more likely to be hit under the circumstances, and/or the result of it not having proper lights, and/or possible violations of rules and regulations, and/or plaintiffs assumed the risk by not taking precautions to avoid an allision, all of which are currently being investigated, and defendants will assert if there is the factual basis to do so.

26. Defendants reserve the right to amend their original answer and to assert any and all defenses as may become evident over the course of this dispute.

WHEREFORE, defendants Heavy Lift VB-10,000, *in rem*, Versabar, Inc., Versamarine, LLC, and Versabuild, LLC, *in personam*, pray that plaintiffs take nothing in this suit and for such other and further relief to which they are justly entitled.

Respectfully submitted,

/s/ *Michael A. Orlando*
Michael A. Orlando – Attorney in Charge
Texas Bar No. 15302700
Fed. ID. No. 1814
MEYER ORLANDO LLC
13201 Northwest Freeway, Suite 119
Houston, Texas 77040
Telephone (713) 460-9800
Facsimile (713) 460-9801
morlando@meyerorlando.com
**ATTORNEYS FOR HEAVY LIFT VB-10,000, VERSABAR, INC., VERSAMARINE, LLC, AND VERSABUILD, LLC**

OF COUNSEL:

MEYER ORLANDO LLC
Kristi L. Hamilton
Texas Bar No. 00787118
Fed. ID. No. 17598
Mike A. Orlando, Jr.
Texas Bar No. 24070367
Fed. ID. No. 1051267

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to the following counsel by electronic filing, hand delivery, facsimile transmission, and/or regular or certified mail, return receipt requested and/or any other method available under the Federal Rules of Civil Procedure on this 10th day of October, 2019.

| | |
|---|---|
| Blaine H. Crutchfield<br>Hand Arendall LLC<br>PO Box 123<br>Mobile, Alabama 36601 | *via electronic service* |
| Frank Piccolo<br>John Ribarits<br>Chaffe McCall LLP<br>801 Travis Street, Ste. 1910<br>Houston, Texas 77002<br>**Attorney for Plaintiffs** | *via electronic service* |

/s/ *Michael A. Orlando*
Michael A. Orlando