United States District Court
Southern District of Texas
**ENTERED**
August 12, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BEACON MARITIME, INC, *et al.*, § § § Plaintiffs, § § VS. § HEAVY LIFT VB-10,000, *et al.*, § § Defendants. § | CIVIL ACTION NO. H-19-3811 |

**MEMORANDUM AND OPINION GRANTING MOTION TO DISMISS**

During a storm, the HEAVY LIFT VB-10,000, the "largest lift vessel ever built in the United States," broke free of its moorings, drifted downriver, and crashed into a dock and two mobile offshore drilling units. (Docket Entry No. 48 at ¶¶ 10, 21, 42). Under theories of maritime negligence, unseaworthiness, and strict liability, the drilling unit owners, Beacon Maritime, Inc., Better Gold Enterprises, L.L.C., and Offshore Equipment, L.L.C., separately sued to recover their damages from the collision. (*Id.* at ¶¶ 28–51; Docket Entry Nos. 1, 40-1). The court consolidated the cases. (Docket Entry No. 41).

The defendants moved under Rule 12(b)(6) to dismiss Beacon Maritime's, Better Gold's, and Offshore Equipment's claims. (Docket Entry Nos. 50, 51). Offshore Equipment responded, and the defendants replied. (Docket Entry Nos. 55, 56, 57). In June 2020, Beacon Maritime and Better Gold settled with the defendants and moved to dismiss their claims with prejudice. (Docket Entry No. 64). The court granted the motion, (Docket Entry No. 65), and for this reason denies as moot the motion to dismiss Beacon Maritime and Better Gold's claims. (Docket Entry No. 50).

Based on a careful review of the pleadings, the motions, response, reply, the record, and the applicable law, the court grants the defendants' motion to dismiss Offshore Equipment's strict liability claims. The reasons for these rulings are set out below.

## I.     Background

In May 2019, on a day of severe weather, the HEAVY LIFT VB-10,000 was docked in Port Arthur, Texas. It escaped its moorings, drifted south down the Sabine River, and allided with the CECIL PROVINE and the PROFESSOR OCEAN CHIEF, both stationary mobile offshore drilling units, and with a United States Coast Guard dock. (Docket Entry No. 48 at ¶¶ 13–16, 22). The HEAVY LIFT is a massive, built-by-design vessel. When it crashed into the CECIL PROVINE, the PROFESSOR OCEAN CHIEF, and the Coast Guard facility, it "caused extensive damage." (*Id.* at ¶¶ 8–10, 22).

Beacon Maritime and Better Gold own the PROFESSOR OCEAN CHIEF. They sued the HEAVY LIFT vessel *in rem*; the HEAVY LIFT owner, Versamarine, L.L.C.; and Versabar, Inc. and Versabuild, L.L.C., the designer and builder.[1] (Docket Entry No. 1). Offshore Equipment, which owns the CECIL PROVINE, then sued the same defendants. (Docket Entry No. 40 at 2–3; Docket Entry No. 40-1). The court consolidated the two cases. (Docket Entry No. 41). In June 2020, the court dismissed Beacon Maritime's and Better Gold's claims after the parties reached a settlement. (Docket Entry Nos. 64, 65). The defendants' motion to dismiss as to Beacon Maritime and Better Gold is moot. (Docket Entry No. 50).

The remaining plaintiff, Offshore Equipment, seeks to recover for damages that the CECIL PROVINE sustained as a result of its allision with the HEAVY LIFT: "a dislodged and sunken

---

[1] The court has maritime jurisdiction over this case under 28 U.S.C. § 1333, and federal maritime law governs. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h). (Docket Entry No. 48 at ¶ 2).

helipad, multiple impacts and damage to the superstructure . . . deck-plates, catwalks, safety rails, and lifeboats," in addition to "towage and emergency response costs" and the expense of "salvaging the [sunken] heliport." (Docket Entry No. 48 at ¶ 51). Offshore Equipment asserts maritime negligence, unseaworthiness, and strict liability claims in its first amended complaint. (*Id.* at ¶¶ 28–51). The defendants moved to dismiss the strict liability claim under Rule 12(b)(6). (Docket Entry No. 51). The court considers the motion against the applicable legal standards.

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,

3

556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

**III.   Analysis**

Offshore Equipment argues that the defendants are strictly liable because "mooring [the HEAVY LIFT] in the Sabine River constitutes an ultra-hazardous activity."  (Docket Entry No. 48 at ¶ 45).  Offshore Equipment bases this cause of action on the unique construction and capabilities of the HEAVY LIFT, which "is the largest lift vessel ever built in the United States." (*Id.* at ¶¶ 40–45).  Offshore Equipment argues that the unique features create "a highly significant danger . . . to nearby vessels, even when [use is] undertaken with reasonable care," including an "uncommon risk of breaking free from [] moorings." (*Id.* at ¶ 46–47).

Offshore Equipment argues that "the ultra-hazardous activity strict liability claim is a widely accepted and developed cause of action at common law" and "[t]here is no authority that rejects . . . [this] cause of action in federal maritime law."  (Docket Entry No. 55 at 5).  Offshore Equipment discusses the strict liability doctrines of unseaworthiness and breach of implied warranty, and notes that "the Supreme Court [has] incorporated into the general maritime law the product liability cause of action" from common-law.  (*Id.* at 6).  Offshore Equipment invokes the

RESTATEMENT (SECOND) OF TORTS §§ 519, 520, "now widely accepted through the common law systems." (*Id.* at 7).

The defendants point out that maritime law applies and argue that Offshore Equipment's first amended complaint alleged no maritime tort-derived authority to support its strict liability claim. (Docket Entry No. 51 at 4). The defendants argue that "courts have consistently rejected the application of strict liability to maritime torts" and instead require findings of fault and causation to establish liability. (*Id.* at 4–5); *see EAC Timberlane v. Pisces, Ltd.*, 745 F.2d 715, 722 n.13 (1st Cir. 1984) (rejecting the argument that strict liability has been incorporated into maritime law); *see also In re Complaint of Weeks Marine, Inc.*, No. 04-494, 2005 U.S. Dist. LEXIS 30196, 2005 WL 2290283, at *8 (D.N.J. Sept. 20, 2005) (footnote omitted) ("It is not contested that the general maritime law does not provide a strict liability cause of action for pile driving activity, and therefore cannot serve as the basis for SJPC's strict liability claim."). The defendants also argue that Offshore Equipment has not presented a public policy rationale for applying strict liability for improper mooring. (Docket Entry No. 57 at 4–5).

Offshore Equipment proceeds by analogy with common law rather than relying on established principles of maritime law. Offshore Equipment's argument fails to recognize that maritime law has not accepted strict liability causes of action in the context of allisions. *See Combo Mar., Inc. v. U.S. United Bulk Terminal, L.L.C.*, 615 F.3d 599, 604 (5th Cir. 2010) ("Liability in collision and allision cases has always been apportioned based on fault." (quoting *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 593 (11th Cir. 2007))); *State Dep't of Natural Resources v. Kellum*, 51

F.3d 1220, 1224 (4th Cir. 1995) ("The maritime law that governs a traditional maritime tort requires findings of fault and causation as predicates to liability.").

Offshore Equipment has not overcome the defendants' arguments that strict liability in the event of an allision is not a cause of action that maritime law recognizes. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," it is appropriate to grant a Rule 12(b)(6) motion. *Cuvillier*, 503 F.3d at 401 (alterations omitted) (quoting *Twombly*, 550 U.S. at 558). The court grants the defendants' motion to dismiss Offshore Equipment's strict liability claim.[2]

## IV. Conclusion

The defendants' motion to dismiss Offshore Equipment's strict liability claim, (Docket Entry No. 51), is granted. The defendants' motion to dismiss as to Beacon Maritime and Better Gold's claims, (Docket Entry No. 50), is denied as moot.

SIGNED on August 11, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[2] The defendants note that Texas state law, if it were to apply to this case, still would preclude relief, since the Texas Supreme Court has rejected a strict liability theory in the context of ultra-hazardous activities. (Docket Entry No. 51 at 5). It is unnecessary to evaluate this argument, because Offshore Equipment states that it "does not assert any state law tort claims" and that all of its claims "arise under the general maritime law." (Docket Entry No. 55 at 4, 10).