UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OFFSHORE EQUIPMENT LLC, | § | |
| Consolidated Plaintiffs | § | |
| vs. | § | CIVIL ACTION NO. 4:19-cv-03811 |
| HEAVY LIFT VB-10,000, *et al.,* | § | |
| Defendants | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff Offshore Equipment LLC ("Offshore" or "Plaintiff"), respectfully submits this motion to file a surreply in further support of its Opposition to Defendants' Motion for Partial Summary Judgement dated September 25, 2020, (Dkt. # 73) ("'Defendants' Motion"), and for the limited purpose of responding to Defendants' objection in reply to certain exhibits and testimony submitted in support of Offshore's opposition. *See* Dkt. # 78, at 1. Plaintiff's anticipated surreply is attached hereto as Exhibit 1.

In its reply memorandum, Defendants object to certain material submitted by Offshore in support of its opposition to Defendants' Motion (Dkt. # 77, ex. 5, 8, 9, 10 and Dkt. # 77-6) with reference to hearsay and Fed. R. Evid. Rule 801. These materials include, for example, certain correspondences (emails and text messages) sent or received from Offshore's Joshua Greenburg that support and corroborate Offshore's assertions of fact that the *CECIL PROVINE* had moved to the Brawley Yard shortly before the Incident, and that the rig would have been at the Brawley Yard only for a short period of time if it had not been damages and disabled in the Incident. *See* Dkt. 78 at pp. 3 – 4, 13 – 14). Defendants contend that this evidence "should not be considered

towards the arguments plaintiff makes in its response." Dkt. # 78 at 1.  Defendants do not state a basis for this argument.

Pursuant to Fed. R. Civ. P. Rule 56 (c)(2), a party may object to material cited to support a fact on the basis that it cannot be presented in a form that would be admissible at trial.  However, the proponent may show that the materials are admissible as presented or explain the admissible form that is anticipated at trial.  *See* Fed. R. Civ. P. Rule 56(c)(2), advisory committee's notes (2010 Amendments).  Given that Offshore is the non-moving party, the only way that Offshore can respond to Defendants' objection is by surreply.  Offshore's anticipated surreply (attached as Exhibit 1) demonstrates that the documents and testimony that Defendants object to concern facts that are within Mr. Greenburg's personal knowledge and are either admissible or can be presented in a form that would be admissible in evidence at trial.

Accordingly, Offshore request that the Court grant it leave to file the attached surreply for the limited purpose of addressing Defendants' objections.

Offshore has meet and conferred with Defendants, and Defendants oppose this motion.

Date:  October 30, 2020                                          Respectfully submitted,

*/s/ James H. Power*
James H. Power
State Bar no. 24026397
Federal I.D. No. 433050
HOLLAND & KNIGHT LLP
1100 Louisiana Street Suite 4300
Houston, TX 77002

-and-

31 West 52nd Street
New York, NY 10019
Telephone: 212-513-3494
Facsimile: 212-341-7240

Email: james.power@hklaw.com

Of Counsel
Gregg S. Garrison
Texas State Bar no. 00787520
GARRISON LAW CORPORATION
1221 State Street Suite 12 #91510
Santa Barbara, California 93101-2699
Phone: 650-726-111
Facsimile: 805-669-3168
gsgarrison@garrisonlawcorp.com

***Attorneys for Plaintiff Offshore***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been served to all counsel of record vie the CM/ECF and by electronic mail to:

Michael A. Orlando
Texas Bar No. 15302700
Fed. Id. No. 1814
Meyer Orlando LLC
13201 Northwest Freeway, Suite 119
Houston, Tx. 77040
morlando@meyerorlando.com
*Attorneys for defendants Heavy Lift VB-10,000,*
*Versabar, Inc. Versamarine, LLC and Versabuild, LLC*

      /s/ *James H. Power*
      James H. Power